

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

PAMELA A. KOPLIK
*Senior Counsel*
phone: (212) 356-2187
fax: (212) 356-2019
email: pkoplik@law.nyc.gov

July 30, 2018

<u>Via ECF</u>

The Honorable Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Schnall v. City of New York, et al.</u> (17 CV 2412)

Dear Magistrate Judge Bloom:

I am an attorney in the office of Zachary W. Carter, Corporation Counsel of the City of New York, counsel for Defendants City of New York, Department of Buildings ("DOB") and its Commissioner Rick D. Chandler ("Municipal Defendants"), in the above-referenced action.

This letter is in response to the Court's July 25, 2018 Scheduling Order and Plaintiff's July 24, 2018 letter [Dkt. 29] which raises various discovery issues. As an initial matter, we wish to point out that, contrary to Your Honors' Individual Practices §5(A), Plaintiff's counsel failed to contact us to resolve discovery issues prior to writing to the Court.

Moreover, we believe it is disingenuous to assert that the City has "has not produced a single document" when many of the documents listed in Municipal Defendants' Initial Disclosures, a copy of which is annexed hereto as Exhibit A, were already supplied to Plaintiff as attachments to Municipal Defendants' Answer herein, and many additional documents were also supplied as part of the voluminous administrative record in the related State Court Article 78 proceeding, including the following:

- Complaints drafted by DOB's Special Enforcement Team("SET") relating to the commencement of the enforcement proceeding against Plaintiff before the Office of Administrative Trials and Hearings ("OATH")(hereinafter the "OATH proceeding");

- The February 10, 2017 Report & Recommendation of Administrative Law Judge Faye Lewis issued in the OATH proceeding (Exhibit A to Defendants' Answer);
- Commissioner Rick Chandler's February 21, 2017 Determination issued based upon ALJ Lewis' Report & Recommendation (Exhibit B to Defendants' Answer);
- Directive No. 14 of 1975 (Exhibit D to Defendants' Answer);
- Objection sheets, stop work orders and intent to revoke letters issued by DOB;
- Hearing Transcripts from the OATH proceeding;
- Documents submitted into evidence from the OATH proceeding;
- Letter discovery motions and related correspondence from the OATH proceeding; and
- Closing memoranda in the OATH proceeding.

Nevertheless, as way of explanation, I would like to advise the Court that the delay in discovery has been caused, in part, by the press of numerous other legal matters and the fact that I had a medical emergency in June which left me generally behind in work matters. Indeed, I advised Plaintiff's counsel of my medical emergency in my e-mail to opposing counsel of June 24, 2018.

That being said, we recognize that the City needs to prioritize this document review and production and toward that end, we have been working diligently on the matter. After collecting the agreed upon email, we engaged an electronic discovery vendor, sent the data to the vendor for processing, and had the data processed and loaded into a document review platform called Relativity. Since then, we have worked with our vendor to utilize analytics, such as email threading, sampled various sets of documents to identify non-responsive documents that were pulled in by the broad search terms (*e.g.*, emails concerning a City employee at an unrelated agency with the last name Schnall), and begun our review. Further, although, as Plaintiff recognizes, the City has a large caseload and most City matters are staffed by a single Assistant Corporation Counsel ("ACC"), I was able to arrange for an additional ACC to assist with this review. We currently have about 5,700 documents to review and estimate that we need about three weeks to complete the review and then another week to finalize the production and provide the responsive, non-privileged documents to Plaintiff's counsel.

In addition to the email and attachments, we are working with our client to identify other documents that may be in file shares, databases, and other locations at DOB. We have identified the potential sources of these documents but because we do not yet know the full number of documents that will require review, it is difficult to be precise about the time that will be required to review and produce any responsive non-privileged documents. As soon as my colleague and I are finished reviewing the emails and attachments, we will turn to the review of these documents. Meanwhile, we will be processing them and queuing them up in the review environment so they are ready when we are. We expect to be able to provide a good estimate of the time needed to produce these documents within two weeks.

I would also like to alert the Court ahead of time that I am scheduled to go on vacation from August 20, 2018 through September 3, 2018 and I know a number of my contacts at DOB also plan on late August vacations. I hope that the parties can work out an amicable production schedule while cognizant of these scheduling conflicts.

Thank you for your kind consideration.

                                            Respectfully submitted,

                                                        /s/

                                            Pamela A. Koplik

cc:    Brett B. Theis (Via ECF)